■ DONNA C. GORDON, Respondent, v NEMEROFF REALTY CORP. et al., Defendants, and SERVICE MERCHANDISE CO., INC., Appellant.—In an action to recover damages for personal injuries, the defendant Service Merchandise Co., Inc., appeals from an order of the Supreme Court, Nassau County (Levitt, J.), entered May 4, 1987, which, after a hearing, granted the plaintiff's motion to strike its affirmative defense of lack of personal jurisdiction contained in its answer.

Ordered that the order is affirmed, with costs.

By affidavit and by his testimony at the hearing, Steve Wells, the manager of the store owned by the appellant and in front of which the accident at issue occurred, denied that he was personally served with the summons and complaint in the instant action. He claimed that the assistant store manager gave the summons and complaint to him on September 12, 1980, the day following the alleged service, and he promptly contacted the appellant's district manager and then forwarded the papers to the appellant's legal department. In addition to arguing that the Supreme Court, Nassau County, erred in finding personal jurisdiction had been acquired over it, the appellant asserts that the affidavit of service was improperly admitted into evidence. Pursuant to both statutory and decisional law, where a process server dies after service and prior to a hearing as to whether service was properly effected, his affidavit of service shall be received as prima facie evidence of service provided it is not conclusory and devoid of sufficient detail (see, CPLR 4531; Smid v Lombard, 83 AD2d 877; cf., Kaszovitz v Weiszman, 110 AD2d 117, 119; Anton v Amato, 101 AD2d 819, 820). The appellant does not dispute that the process server died prior to the hearing. We find the

affidavit was properly admitted into evidence because it contained sufficient factual detail and descriptive information to establish prima facie that personal service was made.

Furthermore, although the plaintiff bore the burden of establishing jurisdiction by a preponderance of the evidence at the hearing *(see, Skyline Agency v Ambrose Coppotelli, Inc.,* 117 AD2d 135, 139), and its evidence consisted entirely of the affidavit of service, the testimony of Steve Wells at the hearing did not effectively rebut the prima facie evidence of service. Wells could not state with any degree of certainty that he was not present at the appellant's store on the date process was served, as he had at first asserted, nor did the physical description in the affidavit of service of the person allegedly served differ substantially from Wells' physical appearance as the appellant suggests. Issues of credibility are primarily for the hearing court and its decision in this regard, made with the opportunity to observe the witnesses' demeanor, should not be disturbed if supported by a fair interpretation of the evidence *(see, e.g., Billings v Southside Hosp.,* 122 AD2d 101, *lv denied* 69 NY2d 604; *Laurence v Hillcrest Gen. Hosp.—GHI Group Health,* 119 AD2d 808). The hearing court's determination at bar that the summons and complaint were served upon an individual authorized to receive service on the appellant's behalf pursuant to CPLR 311 (1) is supported by a fair interpretation of the evidence and, therefore, we affirm.

We have considered the appellant's remaining contention and find it to be without merit. Thompson, J. P., Brown, Weinstein and Balletta, JJ., concur.