■ ZALMAN DEITSCH, Respondent, v DAVID FISCHER, Appellant. [667 NYS2d 314] —In an action, *inter alia*, for partition of a parcel of real property, the defendant appeals, as limited by his brief, from so much of an order and interlocutory judgment of the Supreme Court, Kings County (G. Aronin, J.), dated February 5, 1996, as, after a nonjury trial, is in favor of the plaintiff and against him. By order dated December 30, 1996, this Court remitted the matter to the Supreme Court, Kings County, to hear and report on whether the defendant was properly served with the summons and complaint, and the appeal was held in abeyance in the interim. The Supreme Court has now filed its report.

Ordered that the order and interlocutory judgment is affirmed insofar as appealed from, with costs.

The plaintiff established that the process server was unavailable to testify at the hearing on the issue of service of process. Thus, his affidavit of service was admitted into evidence (*see, Gordon v Nemeroff Realty Corp.*, 139 AD2d 492). It contained sufficient and undisputed detail as to the type of service, the time and place of service, and the person accepting service so as to constitute prima facie evidence that the plaintiff obtained jurisdiction over the defendant (*see,* CPLR 306 [a]). The defendant presented his brother-in-law, who testified to the effect that the person who allegedly accepted service was not known in the defendant's place of business, where service allegedly was made. That testimony only raised an issue of credibility, the resolution of which is primarily for the hearing court (*see, Gordon v Nemeroff Realty Corp., supra,* at 493). The court, which saw and heard the defendant's witness, specifically found his testimony to be incredible, and accordingly rejected it. The court's determination is supported by the record, and will not be disturbed. Bracken, J. P., Copertino, Altman and McGinity, JJ., concur.