■ JAN FRIEDMAN, Respondent, v GRACE TELESCO, Appellant, et al., Defendants. [678 NYS2d 364] —In an action, *inter alia*, to recover damages for false arrest and malicious prosecution, the defendant Grace Telesco appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated August 5, 1997, as, after a hearing to determine the validity of service of process, granted that branch of the plaintiff's motion which was to strike her affirmative defense of improper service, and denied her cross motion to dismiss the complaint for lack of in personam jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's process server testified at the hearing, in accordance with his affidavit of service, that he had made three separate attempts to effectuate personal service upon the defendant Grace Telesco at her residence: at 8:54 P.M. on Monday, November 1, 1993; at 12:22 P.M. on Tuesday, November 2, 1993; and at 6:04 A.M. on Wednesday, November 3, 1993. On the first and last of these occasions, a woman spoke to him from inside the house but declined to identify herself and refused to open the door. On November 3, 1993, when the woman inside instructed him to "leave" his papers "downstairs", the process server taped two copies of the summons and complaint to the "inside front door". On the same day he mailed two copies of the summons and complaint to Telesco's residence, and filed proof of service with the clerk of the court.

We find that these efforts to serve the defendant personally at her dwelling place, including occasions when she might reasonably have been expected to be at home, constituted sufficient due diligence to justify substituted service under CPLR 308 (4) (*see, e.g., Kelly v Lewis,* 220 AD2d 485; *Wagner & Son v Schreiber,* 210 AD2d 143; *Rodriguez v Khamis,* 201 AD2d 715; *Brunson v Hill,* 191 AD2d 334; *Hochhauser v Bungeroth,* 179 AD2d 431). Rosenblatt, J. P., O'Brien, Altman and Friedmann, JJ., concur.