■ CAPITAL RESOURCES CORP., Respondent, v ANNE M. AUGUSTE, Appellant, et al., Defendant. [698 NYS2d 303] —In an action to foreclose a mortgage, the defendant Anne Marie Auguste appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated November 6, 1998, which denied her motion to vacate a judgment of foreclosure and sale, and granted the plaintiff's cross motion to confirm the Referee's report of sale.

Ordered that the order is affirmed, without costs or disbursements.

We reject the appellant's contention that the judgment of foreclosure should have been vacated based on improper service. Where a process server dies after service and prior to a hearing as to whether service was properly effected, his affidavit of service may be received as prima facie evidence of service provided it is not conclusory and devoid of sufficient detail (see, CPLR 4531; Gordon v Nemeroff Realty Corp., 139 AD2d 492). In the instant case, the deceased process server's affidavit of service was properly admitted, and that affidavit, as well as the plaintiff's additional testimony at the hearing, established jurisdiction by a preponderance of the evidence.

The testimony offered by the appellant at the hearing, which the hearing court found unconvincing, failed to rebut the plaintiff's case. Issues of credibility are primarily for the hearing court and its decision in this regard, made with the opportunity to observe the witnesses' demeanor, should not be disturbed if supported by a fair preponderance of the evidence (see, Gordon v Nemeroff Realty Corp., supra).

The appellant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Sullivan, Goldstein and Feuerstein, JJ., concur.