■ LETORRIA DELANEY, Appellant, v FIRST CONCOURSE MANAGEMENT CO. et al., Respondents. [712 NYS2d 516] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered April 19, 1999, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed on the law, without costs, the motion denied, and the complaint reinstated.

The facts elicited on the motion for summary judgment indicated that the distance between the steam pipe that caused plaintiff's burns and the rim of the toilet seat was less than a foot and that there were only a few inches between the pipe and the toilet paper holder on the wall to the left of the toilet. Plaintiff testified that "you can't even sit right on the bathroom seat because [of] the steam." Plaintiff's expert stated that the venting valve at the top of the pipe near the ceiling was subject to leaking and dripping. Before the incident took place, plaintiff had complained to Classic Realty, the building manager, about the steam and the water dripping down the pipe from the opening in the ceiling. On the morning she was burned, plaintiff was wiping up the water that had dripped down so that the floor would be dry when she stepped out of the shower.

Defendants need not have foreseen that plaintiff would have a seizure and lose consciousness. A jury could conclude that the "foreseeable, normal and natural result" of the risk created by defendants was the injury of a tenant from contact with the unprotected steam pipe (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 316 ["The precise manner of the event need not be anticipated."]). In view of the foreseeability of accidental contact with the steam pipe, plaintiff should be permitted to show that her injuries were the foreseeable consequence of

defendants' conduct. Concur—Ellerin, J. P., Wallach, Lerner and Saxe, JJ.