■ BORIS KOYENOV et al., Respondents, v TWIN-D TRANSPORTATION, INC., et al., Appellants. [824 NYS2d 338]—

In an action to recover damages for personal injuries, the defendants appeal from (1) a decision of the Supreme Court, Kings County (Lodato, J.H.O.), dated September 14, 2004, and (2) an order of the same court (M. Garson, J.), dated February 23, 2005, which denied their motion for reargument of the decision, denied their motion pursuant to CPLR 5015 to vacate an order of the same court (Vaughan, J.) dated April 23, 2003, entered upon their failure to appear or answer, and granted the plaintiffs' motion to restore the action to the inquest calendar.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the appeal from so much of the order dated February 23, 2005, as denied that branch of the defendants' motion which was for reargument is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated February 23, 2005 is affirmed insofar as reviewed, without costs or disbursements.

"A party seeking to vacate a default pursuant to CPLR 5015 (a) (1) 'must demonstrate a reasonable excuse for its delay in appearing and answering the complaint and a meritorious defense to the action' " (*New York & Presbyt. Hosp. v American Home Assur. Co.*, 28 AD3d 442 [2006], quoting *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]).

" 'The decision as to the setting aside of a default in answering is generally left to the sound discretion of the Supreme Court, the exercise of which will generally not be disturbed if there is support in the record therefor' " (*Calderon v 163 Ocean Tenants Corp.*, 27 AD3d 410 [2006], quoting *MacMarty, Inc. v Scheller*, 201 AD2d 706, 707 [1994]).

Contrary to the defendants' contention, the Supreme Court providently exercised its discretion in denying their motion to vacate their default. The defendant Arthur Topping's mere denial of receipt of the summons and complaint failed to rebut

the presumption of proper service created by the affidavit of service (*see General Motors Acceptance Corp. v Grade A Auto Body, Inc.,* 21 AD3d 447 [2005]), and service upon the defendant Twin-D Transportation, Inc., was, in effect, undisputed. The plaintiffs established that the process server was unavailable to testify at the hearing to determine the validity of service of process and therefore his affidavit constituted admissible prima facie evidence of service (*see* CPLR 4531; *Deitsch v Fischer,* 246 AD2d 623 [1998]). Moreover, the attempted personal service at Topping's residence on three occasions when a working person might reasonably have been expected to be at home was a sufficient showing of due diligence to permit substitute service (*see* CPLR 308 [4]; *Lemberger v Khan,* 18 AD3d 447 [2005]; *Friedman v Telesco,* 253 AD2d 846 [1998]; *Rodriguez v Khamis,* 201 AD2d 715 [1994]).

However, since the hearing only determined the validity of the plaintiffs' service of process upon the defendants, the issue of whether any of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) should properly be decided at the inquest (*see Shafarenko v Fu Cheng,* 5 AD3d 585 [2004]; *Zecca v Riccardelli,* 293 AD2d 31 [2002]). Adams, J.P., Skelos, Fisher and Covello, JJ., concur.