■ RAMON LIRIANO, Respondent, v EVEREADY INSURANCE COMPANY, Appellant. [941 NYS2d 509]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the defendant's insured, the defendant appeals from an order of the Supreme Court, Queens County (Lane, J.), dated November 4, 2011, which denied its motion for summary judgment dismissing the complaint on the ground that the plaintiff would be unable to prove at trial that service of the judgment was made upon the defendant.

Ordered that the order is affirmed, with costs.

Contrary to the defendant's contention, the Supreme Court properly determined that summary judgment should be denied because the affidavit of service prepared by the plaintiff's now-deceased process server may be admitted as prima facie evidence of service in proceedings before that court (*see* CPLR 4531; *Koyenov v Twin-D Transp., Inc.*, 33 AD3d 967, 969 [2006]). The defendant may then present testimony in rebuttal, with issues of credibility to be determined by the Supreme Court (*see e.g. Capital Resources Corp. v Auguste*, 266 AD2d 330 [1999]; *Deitsch v Fischer*, 246 AD2d 623 [1998]; *Gordon v Nemeroff Realty Corp.*, 139 AD2d 492, 492-493 [1988]). The de-

cision and order of this Court in a prior appeal in this case does not support a contrary conclusion (*see Liriano v Eveready Ins. Co.*, 65 AD3d 524 [2009]).

The defendant's remaining contention was improperly advanced for the first time in its reply papers before the Supreme Court, and therefore we do not consider it (*see Goldman v A&E Club Props., LLC*, 89 AD3d 681, 683 [2011]; *Djoganopoulos v Polkes*, 67 AD3d 726, 727 [2009]). Mastro, A.P.J., Hall, Lott and Sgroi, JJ., concur.