■ JORGE CAMPOVERDE, Respondent, v ALBERTO PAREJAS, Appellant. [944 NYS2d 895]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much an order of the Supreme Court, Queens County (Gavrin, J.), entered August 26, 2011, as, after a hearing, denied that branch of his motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint on the ground of lack of personal jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

At a hearing to determine the validity of service of process upon the defendant, the plaintiff established that the process server could not be compelled with due diligence to attend the hearing and, therefore, his affidavit constituted admissible prima facie evidence of service pursuant to CPLR 308 (4) (*see* CPLR 4531; *Koyenov v Twin-D Transp., Inc.*, 33 AD3d 967, 969 [2006]; *Deitsch v Fischer*, 246 AD2d 623 [1998]). Furthermore, the plaintiff's proof disclosed that the defendant was served at the residence address of the owner of the subject vehicle listed on the registration record maintained by the Commissioner of the Department of Motor Vehicles. In rebuttal, the defendant testified that he no longer lived at the address listed on the registration record and had moved from that address more than four years before service of the summons and complaint. As the registered owner of the subject vehicle, the defendant was required to notify the Commissioner of any change of residence within 10 days of the change (*see* Vehicle and Traffic Law § 401 [3]). A party who fails to comply with this provision is estopped from challenging the propriety of service made at the former address (*see Kalamadeen v Singh*, 63 AD3d 1007 [2009]; *Cruz v Narisi*, 32 AD3d 981 [2006]; *Labozzetta v Fabbro*, 22 AD3d 644, 645 [2005]). The hearing record in this case supports the Supreme Court's determination that the defendant was properly

served at the residence address maintained on the Commissioner's registration record for the owner of the subject vehicle, and we discern no basis for disturbing that determination (*see Lopez v DePietro*, 82 AD3d 715, 716 [2011]; *American Home Mtge. v Villaflor*, 80 AD3d 637 [2011]; *Federal Fin. Co. v Public Adm'r, Kings County*, 47 AD3d 881, 882 [2008]). Skelos, J.P., Dickerson, Hall, Roman and Cohen, JJ., concur.