In an action to foreclose a mortgage, the defendant Yvonne Chaplin appeals from (1) an order of the Supreme Court, Queens County (Agate, J.), dated July 28, 2010, which, after a hearing, denied her motion, in effect, to vacate her default in appearing or answering the complaint, and (2) an order of the same court dated January 7, 2011, which denied her motion for leave to renew and reargue.
Ordered that the order dated July 28, 2010, is affirmed; and it is further,
Ordered that the appeal from so much of the order dated January 7, 2011, as denied that branch of the motion of the defendant Yvonne Chaplin which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
Ordered that the order dated January 7, 2011, is affirmed insofar as reviewed; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
*745 At a hearing to determine whether the defendant Yvonne Chaplin was properly served, the plaintiff established that the process server could not be compelled with due diligence to attend the hearing and, therefore, the process server’s affidavit constituted admissible prima facie evidence of service (see CPLR 4531; Campoverde v Parejas, 95 AD3d 1251 [2012]; Koyenov v Twin-D Transp., Inc., 33 AD3d 967, 969 [2006]). The plaintiffs evidence at the hearing was sufficient to sustain its burden of proving, by a preponderance of the evidence, that Chaplin was properly served with the summons and complaint (see Lopez v DePietro, 82 AD3d 715, 716 [2011]; King v Gil, 69 AD3d 678 [2010]; Anderson v GHI Auto Serv., Inc., 45 AD3d 512, 513 [2007]), and we discern no basis for disturbing that determination. Therefore, the Supreme Court properly denied Chaplin’s motion, in effect, to vacate her default in appearing or answering the complaint.
That branch of Chaplin’s motion which was for leave to renew her prior motion was properly denied, since she failed to offer new facts on the motion which would have changed the prior determination (see CPLR 2221 [e] [2], [3]). Skelos, J.E, Balkin, Leventhal and Cohen, JJ., concur.
Motion by the respondent on appeals from two orders of the Supreme Court, Queens County, dated July 28, 2010, and January 7, 2011, respectively, inter alia, to dismiss the appeal from the order dated January 7, 2011, on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated September 9, 2011, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeals, it is,
Ordered that the branch of motion which was to dismiss the appeal from the order dated January 7, 2010, is denied as academic in light of the determination of the appeal from that order. Skelos, J.E, Balkin, Leventhal and Cohen, JJ., concur.