■ DEIANERA MORA, Respondent, v CAMMEBY'S REALTY CORP., Appellant. [966 NYS2d 99]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated May 7, 2012, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, an infant, allegedly was injured when she came into contact with a hot, uninsulated steam pipe in a vacant apartment owned by the defendant. The plaintiff's father testified at his deposition that the pipe had a coating of wet paint, which was "like a glue" and prevented her from immediately removing her hands. Prior to the accident, no warnings were issued by the defendant's superintendent to the plaintiff's father and grandmother, who were also present. The plaintiff, by her mother, commenced this action, alleging negligence. The defendant moved for summary judgment dismissing the complaint and the Supreme Court denied the motion.

Under the circumstances of this case, the defendant's motion for summary judgment was properly denied. Contrary to the defendant's contention, it failed to establish, prima facie, that various provisions in the 1968 version of the Administrative Code of the City of New York (hereinafter the Administrative Code) were inapplicable (*see Lesocovich v 180 Madison Ave. Corp.*, 81 NY2d 982, 985 [1993]; *Pappalardo v New York Health & Racquet Club*, 279 AD2d 134, 140 [2000]), that the steam pipe was properly maintained on the date of the accident (*see Bohan v F.R.P. Sheet Metal Contr. Corp.*, 58 AD3d 781 [2009]; *O'Boy v Motor Coach Indus., Inc.*, 39 AD3d 512, 513-514 [2007]), that the hot, freshly painted, and uninsulated steam pipe did not constitute a dangerous condition (*see Salomon v Prainito*, 52 AD3d 803, 805 [2008]; *Galieta v Young Men's Christian Assn. of City of Schenectady*, 32 AD2d 711, 711-712 [1969]), or that the plaintiff's accident was not foreseeable (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 316-317 [1980]; *Delaney v First Concourse Mgt. Co.*, 275 AD2d 233, 233-234 [2000]).

The defendant's contentions with respect to Multiple Dwelling Law §§ 77 (4) and 78 (1), and pre-1968 versions of the Administrative Code, are raised for the first time on appeal, and therefore are not properly before this Court. We have not considered the defendant's remaining contentions, which were raised for the first time in its reply papers before the Supreme Court (*see Petito v City of New York*, 95 AD3d 1095, 1096 [2012]; *Liriano v Eveready Ins. Co.*, 94 AD3d 716, 717 [2012]). Rivera, J.P., Dickerson, Leventhal and Hall, JJ., concur. **[Prior Case History: 35 Misc 3d 1225(A), 2012 NY Slip Op 50893(U).]**