The plaintiffs commenced this action against the defendants to recover damages, inter alia, for abuse of process. The defendants moved pursuant to CPLR 3211 (a) (8) to dismiss the complaint on the ground of lack of personal jurisdiction, arguing that neither of the two defendants was properly served. Following a hearing at which the process server testified for the plaintiffs, and an employee of one of the defendants testified for the defendants, the Supreme Court found that service had been properly made on the defendants, and denied their motion.
In reviewing a determination made after a hearing, this Court’s authority is as broad as the hearing court’s authority, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case, the hearing court had the advantage of seeing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Lopez v DePietro, 82 AD3d 715, 716 [2011]). Here, the hearing court’s determination that the defendants were properly served was supported by the credible evidence adduced at the hearing (see Lopez v DePietro, 82 AD3d at 716; American Home Mtge. v Villaflor, 80 AD3d 637 [2011]), and we discern no basis for disturbing that determination.
The defendants’ remaining contention is without merit. Skelos, J.P., Balkin, Lott and Hinds-Radix, JJ., concur.