■ GOSHEN MORTGAGE, LLC, Respondent, v FREHA EZAGUI et al., Defendants, and JOSEPH MINSKY, Appellant. [49 NYS3d 161]—

In an action to foreclose a mortgage, the defendant Joseph Minsky appeals from (1) an order of the Supreme Court, Kings County (Ash, J.), dated August 6, 2014, which, after a hearing to determine the validity of service of process (Kurtz, Ct. Atty. Ref.), granted the plaintiff's motion for a judgment of foreclosure and sale and denied his cross motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and (2) a judgment of foreclosure and sale of the same court dated September 15, 2014, which, upon the order, among other things, directed the sale of the subject property.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment of foreclosure and sale is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501 [a] [1]).

The plaintiff commenced this action against the defendants to foreclose a mortgage. After the Supreme Court granted the plaintiff's unopposed motion for an order of reference and the amount due under the mortgage was calculated, the plaintiff moved for a judgment of foreclosure and sale. The defendant Joseph Minsky, who failed to appear or answer the complaint,

cross-moved pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him on the ground of lack of personal jurisdiction, arguing that he had not been properly served with the summons and complaint. At a hearing to determine the validity of service of process, a process server testified for the plaintiff. The process server's field sheet, which was created at the time service pursuant to CPLR 308 (2) was effectuated, and the related affidavit of service were entered into evidence without objection. Minsky did not present any witnesses or submit evidence. Upon confirming the hearing court's finding that service had been properly made on Minsky, the Supreme Court granted the plaintiff's motion and denied his cross motion. Thereafter, the court entered a judgment of foreclosure and sale in favor of the plaintiff.

"This Court possesses authority to review a determination rendered after a hearing that is as broad as that of the hearing court, and may render the determination it finds warranted by the facts, taking into account that, in a close case, the hearing court had the advantage of seeing the witnesses" (*HSBC Bank USA, N.A. v Hamilton*, 116 AD3d 663, 663 [2014]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Fred Shore Beach Club, Inc. v Palmieri*, 113 AD3d 648 [2014]). Here, the hearing court's determination that Minsky was properly served was supported by the credible evidence adduced at the hearing (*see Fred Shore Beach Club, Inc. v Palmieri*, 113 AD3d at 648; *Wells Fargo Bank, N.A. v Chaplin*, 100 AD3d 744, 745 [2012]; *Lopez v DePietro*, 82 AD3d 715, 716 [2011]). We discern no basis for disturbing that determination.

Minsky's remaining contention is without merit.

Accordingly, the Supreme Court properly granted the plaintiff's motion, denied Minsky's cross motion, and subsequently entered the judgment of foreclosure and sale. Mastro, J.P., Austin, Miller and Maltese, JJ., concur.