Deutsche Bank Natl. Trust Co. v Vilfranc (2018 NY Slip Op 00274)





Deutsche Bank Natl. Trust Co. v Vilfranc


2018 NY Slip Op 00274


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-03236
 (Index No. 7919/09)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Bertha Vilfranc, respondent, et al., defendants.


Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Joseph F. Battista, Christopher P. Kohn, Michelle D. Maccagnano, and Keith Abramson of counsel), for appellant.
Michael Kennedy Karlson, New York, NY, for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated December 16, 2015. The order, insofar as appealed from, after a hearing to determine the validity of service of process, granted that branch of the cross motion of the defendant Bertha Vilfranc which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Bertha Vilfranc (hereinafter the defendant), among others, to foreclose a mortgage. The defendant failed to interpose a timely answer to the complaint. The plaintiff moved for a default judgment and an order of reference, and the defendant opposed the motion and cross-moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. Thereafter, the plaintiff withdrew its motion, and a hearing was conducted to determine whether the defendant was properly served with the summons and complaint. After the hearing, the Supreme Court, inter alia, granted that branch of the defendant's cross motion which was to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. The plaintiff appeals.
"The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process" (Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 343; see HSBC Bank USA, N.A. v Hamilton, 116 AD3d 663, 664). "In reviewing a determination made after a hearing, this Court's authority is as broad as that of the hearing court, and this Court may render the determination it finds warranted by the facts, taking into account that in a close case, the hearing court had the advantage of seeing the witnesses" (Deutsche Bank Natl. Trust Co. v Gordon, 129 AD3d 769, 769; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; HSBC Bank USA, N.A. v Hamilton, 116 AD3d at 663).
Here, at the hearing, the plaintiff submitted the process server's affidavit of service, [*2]and established that the process server could not be compelled with due diligence to attend the hearing. Therefore, the process server's affidavit of service constituted admissible prima facie evidence of service (see CPLR 4531; Campoverde v Parejas, 95 AD3d 1251; Koyenov v Twin-D Transp., Inc., 33 AD3d 967, 969). Nevertheless, even considering the affidavit, the plaintiff failed to sustain its burden of proving, by a preponderance of the evidence, that the defendant was served with the summons and complaint (cf. Wells Fargo Bank, N.A. v Chaplin, 100 AD3d 744, 745).
The plaintiff's remaining contentions are either without merit or unpreserved for appellate review.
Accordingly, the Supreme Court properly granted that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
CHAMBERS, J.P., COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court