Cenlar, FSB v Shenker (2020 NY Slip Op 02759)





Cenlar, FSB v Shenker


2020 NY Slip Op 02759


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-06454 
2017-12152
 (Index No. 16596/09)

[*1]Cenlar, FSB, respondent, 
v
Rechelle Shenker, et al., appellants, et al., defendants. (Appeal No. 1)
Cenlar, FSB, plaintiff, 
v
Rechelle Shenker, et al., appellants, Board of Managers of Borough Park Towne House Condominium, respondent, et al., defendants. (Appeal No. 2)


Gulkowitz Berger LLP, Brooklyn, NY (Shaya M. Berger of counsel), for appellants.
Houser & Allison, APC, New York, NY (Kathleen M. Massimo and David Smetana of counsel), for respondent in Appeal No. 1.
D'Agostino, Levine, Landesman & Lederman, LLP, New York, NY (Christopher M. Tarmok and Bruce H. Lederman of counsel), for respondent in Appeal No. 2.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Rechelle Shenker and Shimon Shenker appeal from (1) a judgment of foreclosure and sale of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 1, 2017, and (2) an order of the same court dated October 18, 2017. The judgment of foreclosure and sale, upon an order of the same court dated March 1, 2017, granting the plaintiff's motion, among other things, for a judgment of foreclosure and sale and to confirm a referee's report, inter alia, confirmed the referee's report and directed the sale of the subject property. The order, insofar as appealed from, granted the motion of the defendant Board of Managers of Borough Park Towne House Condominium to amend the judgment of foreclosure and sale to correct an error.
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that the order dated October 18, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondent in Appeal No. 1 and one bill of costs is awarded to the respondent in Appeal No. 2.
In July 2009, the plaintiff commenced this action to foreclose a mortgage secured by real property owned by the defendants Rechelle Shenker and Shimon Shenker (hereinafter together [*2]the Shenker defendants). Attorney David Augenstein prepared and filed an answer on behalf of the Shenker defendants. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the Shenker defendants. The Shenker defendants did not oppose the motion. In an order dated October 10, 2014, the Supreme Court granted the plaintiff's motion.
The plaintiff then moved, inter alia, for a judgment of foreclosure and sale and to confirm a referee's report. The Shenker defendants cross-moved, among other things, to dismiss the complaint insofar as asserted against them, contending that they were never served with the summons and complaint, they did not retain Augenstein to represent them in the action, and Augenstein had no authority to enter an appearance or interpose an answer on their behalf. In an order dated March 1, 2017, after a hearing, the Supreme Court granted the plaintiff's motion and denied the Shenker defendants' cross motion. The court entered a judgment of foreclosure and sale, also dated March 1, 2017. Subsequently, the defendant Board of Managers of Borough Park Towne House Condominium (hereinafter the Board) moved to amend the judgment of foreclosure and sale to correct an error, i.e., the failure to reference the Board's notice of appearance and demand for surplus monies. In an order dated October 18, 2017, the court granted the motion. The Shenker defendants appeal from the judgment of foreclosure and sale and the order dated October 18, 2017.
We agree with the Supreme Court's determination granting the plaintiff's motion, inter alia, for a judgment of foreclosure and sale and denying the Shenker defendants' cross motion, among other things, to dismiss the complaint insofar as asserted against them. "This Court possesses authority to review a determination rendered after a hearing that is as broad as that of the hearing court, and may render the determination it finds warranted by the facts" (Goshen Mtge., LLC v Ezagui, 148 AD3d 782, 783 [internal quotation marks omitted]). "The Supreme Court's credibility determinations following a hearing are entitled to substantial deference on appeal, and should not be overturned if supported by a fair interpretation of the evidence" (Teitelbaum v North Shore-Long Is. Jewish Health Sys., Inc., 160 AD3d 1009, 1011; see Santiago v Honcrat, 79 AD3d 847, 848).
Here, the Shenker defendants contend that they never appeared in this action, and that Augenstein was without authority to file an answer and thereby submit them to the jurisdiction of the court. Contrary to the Shenker defendants' contention, a fair interpretation of the evidence adduced at the hearing demonstrated that Augenstein was authorized to act on their behalf when he filed the answer (cf. Skyline Agency v Coppotelli, Inc., 117 AD2d 135). Under the circumstances, the Supreme Court's credibility determinations are entitled to substantial deference, and we decline to disturb them on this appeal (see Teitelbaum v North Shore-Long Is. Jewish Health Sys., Inc., 160 AD3d at 1011; Santiago v Honcrat, 79 AD3d at 848; cf. Skyline Agency v Coppotelli, Inc., 117 AD2d 135).
In addition, we reject the Shenker defendants' contention that the Supreme Court should have denied the Board's motion to amend the judgment of foreclosure and sale. Pursuant to CPLR 5019(a), trial courts have discretion to amend their orders and judgments to correct mistakes, defects, or irregularities, so long as the correction does not affect a substantial right of a party (see Sokoloff v Schor, 176 AD3d 120, 129-130; Matter of Pulte Homes of N.Y., LLC v Planning Bd. of Town of Carmel, 136 AD3d 643). The record demonstrates that the Board filed a notice of appearance and demand for surplus monies dated November 5, 2013. However, the judgment of foreclosure and sale inadvertently failed to acknowledge the Board's appearance in the action. In view of the foregoing, the court providently exercised its discretion in granting the Board's motion to amend the judgment of foreclosure and sale to the extent of referencing the subject notice of appearance and demand for surplus monies (see CPLR 5019[a]).
The Shenker defendants' remaining contention is without merit.
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court