Tribeca Lending Corp. v Moogan (2021 NY Slip Op 00199)





Tribeca Lending Corp. v Moogan


2021 NY Slip Op 00199


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-00737
 (Index No. 13164/08)

[*1]Tribeca Lending Corporation, plaintiff, 
v
Linden H. Moogan, etc., et al., appellants, et al., defendants; Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, nonparty-respondent.


Alice A. Nicholson, Brooklyn, NY, for appellants.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Megan K. McNamara of counsel), for nonparty-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Linden H. Moogan and John K. Moogan appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Lawrence Knipel, J.), dated October 18, 2017. The order and judgment of foreclosure and sale, upon an order of the same court dated May 22, 2017, in effect, denying, after a hearing, that branch of those defendants' motion which was to dismiss the complaint insofar as asserted against them, granted the plaintiff's motion, inter alia, for leave to enter a judgment of foreclosure and sale, confirmed a referee's report calculating the amounts due to the plaintiff, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In April 2008, the plaintiff, Tribeca Lending Corporation, commenced this action to foreclose a mortgage on residential property against, among others, the defendants Linden H. Moogan and John K. Moogan (hereinafter together the defendants). The defendants did not interpose an answer, although they did appear at settlement conferences. In an order dated May 10, 2012, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment against the defendants and for an order of reference. In an order dated March 15, 2013, the court denied Linden H. Moogan's motions, inter alia, to vacate the order dated May 10, 2012, and to dismiss the complaint insofar as asserted against her based upon, among other things, lack of personal jurisdiction due to improper service. Subsequently, in an order dated April 23, 2014, the court denied Linden H. Moogan's motion, inter alia, for leave to renew and reargue her prior motions. In an order dated February 23, 2015, the court denied the defendants' motion for leave to renew Linden H. Moogan's prior motions.
Thereafter, the plaintiff moved, inter alia, for leave to enter a judgment of foreclosure and sale. The defendants cross-moved, inter alia, in effect, for leave to renew and reargue Linden H. Moogan's prior motions, among other things, to vacate the order dated May 10, 2012, and to dismiss the complaint insofar as asserted against them based upon, among other things, lack of personal jurisdiction due to improper service. The Supreme Court granted those branches of the [*2]defendants' cross motion which were for leave to reargue and renew, and referred the matter to a referee to hear and determine the validity of service of process upon the defendants. The plaintiff's motion, inter alia, for leave to enter a judgment of foreclosure and sale was held in abeyance pending the outcome of the hearing. After a hearing to determine the validity of service of process upon the defendants, by order dated May 22, 2017, the referee determined that the defendants had been properly served with the summons and complaint and, in effect, denied that branch of their motion which was to dismiss the complaint insofar as asserted against them. Thereafter, in an order and judgment of foreclosure and sale dated October 18, 2017, the court granted the plaintiff's motion, inter alia, for leave to enter a judgment of foreclosure and sale, confirmed a referee's report calculating the amounts due to the plaintiff, and directed the sale of the subject property. The defendants appeal.
Contrary to the defendants' contention, at the hearing to determine the validity of service of process upon the defendants, the plaintiff established that the process server could not be compelled with due diligence to attend the hearing; therefore, his affidavit constituted admissible prima facie evidence of service (see CPLR 4531; Campoverde v Parejas, 95 AD3d 1251, 1251; Koyenov v Twin-D Transp., Inc., 33 AD3d 967, 969). The process server averred that he served John K. Moogan pursuant to CPLR 308(1) by personal delivery, and Linden H. Moogan pursuant to CPLR 308(2) by delivery to John K. Moogan, a person of suitable age and discretion, at their residence, and mailing to the same address. Though he was present at the hearing, John K. Moogan did not testify. As the defendants offered no evidence to rebut the plaintiff's prima facie showing of proper service, the referee correctly determined that the defendants were properly served and that jurisdiction over the defendants was conclusively established (see generally Campoverde v Parejas, 95 AD3d 1251, 1251-1252).
Accordingly, we affirm the order and judgment of foreclosure and sale.
DILLON, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court