Pettinato v EQR-RiverTower, LLC
2026 NY Slip Op 03406
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Laura Pettinato et al., Plaintiffs-Respondents,
v
EQR-RiverTower, LLC, et al., Defendants-Respondents, River Tower Owner, LLC, Defendant-Appellant, Oldcastle BuildingEnvelope, Inc., Defendant.

Decided and Entered: June 02, 2026
Index No. 159909/16|Appeal No. 6774|Case No. 2025-01371|
Before: Manzanet-Daniels, J.P., Kennedy, Mendez, Michael, Hagler, JJ.

Rosenbaum & Taylor, P.C., White Plains (Dara L. Rosenbaum of counsel), for appellant.
McMahon, Martine & Gallagher, LLP, Brooklyn (Patrick W. Brophy of counsel), for Laura Pettinato and Dustin Fishler, respondents.
Tyson & Mendes LLP, New York (Bryan Ferrara of counsel), for EQR-Rivertower, LLC, EQR-Rivertower A, LLC, EQR-Rivertower B, LLC, EQR-Rivertower C, LLC, EQR-Rivertower D, LLC and EQR-Rivertower E, LLC, respondents.

[*1]
Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered March 4, 2025, which, to the extent appealed from, denied defendant River Tower Owner, LLC's motion for summary judgment dismissing the amended complaint and all cross-claims as against it, unanimously affirmed, without costs.
Plaintiff Laura Pettinato alleges that when she attempted to exit her shower-tub while experiencing a fainting episode, she slipped with one foot out of the tub, resulting in her being cut by the bottom track of the shower door. Defendants EQR-RiverTower, LLC, EQR-RiverTower A, LLC, EQR-RiverTower B, LLC, EQR-RiverTower C, LLC, EQR-RiverTower D, LLC, and EQR-RiverTower E, LLC (collectively, EQR) owned the building in which plaintiffs' apartment was located up until a few months before Pettinato's accident, when EQR sold the building to River Tower.
River Tower did not establish prima facie that Pettinato's fainting episode and attempt to exit the shower-tub in the midst of that episode were the superseding or sole proximate cause of the accident. "[L]iability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence," which is generally for the fact finder to resolve (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]). There is a question of fact regarding whether an injury caused by inadvertent contact with the allegedly sharp bottom track of the shower door was foreseeable. Supreme Court correctly found that River Tower need not have foreseen that a tenant might become dizzy or faint while using the shower, rather the trier of fact could conclude the "foreseeable, normal, and natural result" of the shower floor and bottom track created the risk at issue (see Delaney v First Concourse Mgt. Co., 275 AD2d 233, 233 [1st Dept 2000]).
In any event, the record does not demonstrate that Pettinato's actions were the sole proximate cause of her injuries. River Tower failed to prove that her actions were so reckless and extraordinary, and so obviously fraught with danger, that she evinced a wanton disregard for her own safety and wellbeing (see Powers v 31 E 31 LLC, 123 AD3d 421, 423 [1st Dept 2014]; Tisdell v Metropolitan Transp. Auth., 139 AD3d 844, 846 [2d Dept 2016], lv denied 28 NY3d 901 [2016]).
Issues of fact also remain as to whether River Tower had notice of any dangerous condition in plaintiffs' bathroom (see generally Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137 [2017]). In her affidavit in opposition to River Tower's motion, Pettinato described at least four people and several instances in which EQR employees, who later became River Tower employees, performed work in her apartment's bathroom, including on the shower door tracks. She also described how River Tower agents inspected her apartment, including the bathroom, prior to the accident as part of the sale agreement.
[*2]
Given these issues of fact as to its negligence, River Tower was not entitled to summary judgment dismissing EQR's cross-claims against it for common-law indemnification and contribution (see e.g. Trump Vil. Section 3 v New York State Hous. Fin. Agency, 307 AD2d 891, 895-896 [1st Dept 2003], lv denied 1 NY3d 504 [2003]).
River Tower also did not establish its prima facie entitlement to summary judgment dismissing EQR's contract-based cross-claims against it, namely for contractual indemnification and breach of contract for failure to procure insurance. The record does not include a copy of the sales agreement and without the agreement, this Court is not in a position to make a determination based on its contents. River Tower's argument that no contract existed between it and EQR requiring it either to indemnify EQR or to procure insurance for EQR's benefit is predicated on an attorney's affirmation not based on her own personal knowledge, and does not constitute competent evidence as to the contents of the sales agreement (see e.g. Davidoff Hutcher & Citron, LLP vMcLendon , 247 AD3d 449 [1st Dept 2026]; Ramos New York City Hous. Auth., 264 AD2d 568 [1st Dept 1999]).
We have considered River Tower's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026