■ ROBERT REED, Respondent, v RICHARD E. DOMENECH et al., Appellants, et al., Defendant. — In a negligence action to recover damages for personal injuries, etc., defendants Richard E. Domenech and Delia Domenech appeal from an order of the Supreme Court, Suffolk County (Becker, J.), dated February 3, 1982, which granted plaintiff's motion to strike the affirmative defense of lack of personal jurisdiction from their answer. Order reversed, on the law, with $50 costs and disbursements, and motion denied. In support of his motion to strike appellants' affirmative defense of lack of personal jurisdiction, plaintiff submitted an affidavit of service by a process server in which he stated that he attempted to effect personal service upon appellants at their residence, located at 725 Ferndale Boulevard, Central Islip, on Friday, June 5, 1981, at 2:50 P.M.; on Monday, June 8, 1981, at 6:35 P.M.; and on Wednesday, June 10, 1981, at 10:15 A.M. He stated further that having been unable, with

due diligence, to find appellants or a person of suitable age and discretion at these premises, their actual dwelling place, he served them on June 10, 1981 by affixing a true copy of plaintiff's summons and complaint to the door thereof and by mailing true copies to them at the same address. He also stated that he spoke with a neighbor named Watson and ascertained that appellants were not in active military service. The appellants' answer asserted as an affirmative defense that the plaintiff lacked jurisdiction over their persons by reason of improper service of process. Special Term granted plaintiff's motion to strike that affirmative defense, holding that the affidavit of plaintiff's process server met plaintiff's burden of establishing due diligence. We disagree. The attempted service of plaintiff's summons and verified complaint herein pursuant to CPLR 308 (subd 4) was defective as a matter of law. A plaintiff is entitled to use the so-called "nail and mail" provisions of CPLR 308 (subd 4) only if personal service cannot be effected under subdivisions 1 and 2 thereof by the use of "due diligence". In this case there is no showing that the process server endeavored to ascertain the place of appellants' employment and to attempt to effect service thereat pursuant to the provisions of CPLR 308 (subds 1, 2), which are the primary methods of personal service (see *Levin v McGovern,* 53 AD2d 1042, 1043). After having failed to find appellants at home, it would have been reasonable for the process server to assume that they would return to the residence after the usual working hours of the day, and accordingly ordinary diligence demanded that a further attempt at service be made at such later time. The process server's neglect to do so impels the conclusion that he failed to exercise the due diligence required by the statute (see *Barnes v City of New York,* 70 AD2d 580, affd 51 NY2d 906; *Carfora v Pesiri,* 89 AD2d 237). The burden of proof to establish in personam jurisdiction rested upon plaintiff, and, under the facts and circumstances of this case, we conclude that he failed to satisfy his burden as a matter of law (see *Bernardo v Barrett,* 87 AD2d 832). Accordingly, the order appealed from should be reversed and the affirmative defense of lack of personal jurisdiction reinstated. Damiani, J. P., Mangano, Gibbons and Gulotta, JJ., concur.