■ WILLIAM P. MITCHELL, Appellant, v ALFONSO MENDEZ, Respondent. (Action No. 1.) WILLIAM P. MITCHELL, Appellant, v JOHN J. SENKO, JR., et al., Defendants, and ALFONSO MENDEZ, Respondent. (Action No. 2.) — In two actions to recover damages for personal injuries, etc., plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Roncallo, J.), dated August 23, 1983, which granted respondent's motion to the extent of dismissing action No. 1 and directing that a traverse hearing be held as to the validity of the service of the summons and complaint upon respondent in action No. 2, and (2) an order of the same court, dated January 17, 1984, which, *inter alia,* denied plaintiff's motion to renew the prior motion and to strike respondent's first and second affirmative defenses in action No. 2.

Order dated January 17, 1984 reversed, that branch of plaintiff's motion which sought leave to renew granted, and upon renewal, order dated August 23, 1983 modified by deleting the provision which directed that a traverse hearing be held, and substituting therefor a provision denying that branch of respondent's motion which sought dismissal of action No. 2, original determination otherwise adhered to, and that branch of plaintiff's motion which sought to strike defendant's first and second affirmative defenses granted.

Appeal from order dated August 23, 1983 dismissed as academic in light of the determination of the appeal from the order dated January 17, 1984.

Plaintiff is awarded one bill of costs.

Special Term should have granted that branch of plaintiff's motion which sought renewal. Plaintiff had no opportunity in his first motion to respond to the contention respondent first raised in his reply affirmation that service of the summons and complaint in action No. 2 was defective.

The court nevertheless granted respondent relief to the extent of ordering a traverse hearing. Plaintiff was entitled to present arguments in support of his position that service was valid and that no traverse hearing was required (*Esa v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865).

Plaintiff was also entitled to an order striking respondent's first and second affirmative defenses. Plaintiff presented an affidavit of service made pursuant to CPLR 308 (subd 4). The affidavit stated that the process server had made attempts to

serve respondent (or a person of suitable age and discretion thereat) at his residence on three different days at different hours of the day. Such an affidavit is sufficient proof of service absent any indication to the contrary, such as allegations that respondent never received the summons and complaint, or that he could not be expected to be home during any of the attempts (*Lembo & Sons v Robinson,* 99 AD2d 872; *Reed v Domenech,* 90 AD2d 844). Unlike the attempts in *Reed v Domenech (supra),* the attempts here were made both on weekdays and on a Saturday. Respondent did not claim that he worked Saturdays. He made no showing of any other reasonable means (such as knowledge of respondent's place of employment) whereby plaintiff could have significantly increased his chances of successful personal service. Respondent also does not challenge the accuracy of the allegations in the affidavit of service. Indeed, the affidavit attacking the service is made by the attorney for the respondent rather than the respondent.

A hearing should only be ordered if the papers raise issues of fact. Respondent has raised none and has had the opportunity to do so in response to that branch of plaintiff's motion which sought to strike his first and second affirmative defenses. The affirmative defense of defective service of the summons should therefore be stricken and no traverse hearing should be held.

There is also no issue of fact with regard to the Statute of Limitations. The summons and complaint in action No. 2 were delivered to the Sheriff and were timely served pursuant to CPLR 203 (subd [b], par 5, cl [i]). Thus, that affirmative defense should be stricken as well. Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.