■ LINDA M. MATOS, Plaintiff, v NOEL G. KNIBBS et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendants. RITA M. WALSH et al., Third-Party Defendants, and PETER J. REMCH, Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, the defendants third-party plaintiffs Noel G. Knibbs and Raphael Onfroy appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Molloy, J.), entered February 5, 1990, as granted the motion of the third-party defendant Peter J. Remch to dismiss the third-party complaint insofar as it is asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied.

The process server herein made three attempts to serve the third-party defendant Peter J. Remch at his residence on various days and at various times. One of these attempts was during normal working hours, one on Friday evening, and one on a Saturday afternoon. When the process server was unable to effectuate personal service, he affixed a copy of the summons to Remch's apartment and mailed another copy to the same address pursuant to CPLR 308 (4).

The three attempts to make service of the summons and complaint upon Remch at his residence at different times and on different days, including a Saturday, were sufficient to constitute due diligence (see, Mitchell v Mendez, 107 AD2d 737). Since Remch admitted receiving the copy of the summons and complaint which was affixed to his door, and since there was no indication that he worked on Saturdays, there was no showing of any other reasonable means whereby the chances of successful personal service could have been significantly increased (see, Mitchell v Mendez, supra, at 738; see also, Union Garage v Wheatle, 108 Misc 2d 77). This case is distinguishable from Pizzolo v Monaco (186 AD2d 727 [decided herewith]), in which the existence of the professional address of the defendant doctor was readily ascertainable based on information contained in the complaint.

Accordingly, the process server properly resorted to service of process pursuant to CPLR 308 (4). Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.