■ KEITH MARBALLIE, Appellant, v SAMUEL J. LEFRAK et al., Respondents. [608 NYS2d 295] —In an action to recover damages for wrongful death, etc., the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Garry, J.), dated December 23, 1991, as granted those branches of the motion of the defendants Ethel Lefrak, Samuel J. Lefrak, and Shalimar Leasing Company, which were for summary judgment dismissing the complaint insofar as it is asserted against Ethel Lefrak and Shalimar Leasing Company, for lack of personal jurisdiction.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which are to dismiss the complaint against Ethel Lefrak and Shalimar Leasing Company are denied, and the complaint against them is reinstated.

Two process servers made six attempts to serve the defendant Ethel Lefrak at her residence on various days and at

various times. One of these attempts was in the early morning, two were in the evening, and one on a Saturday morning. Additionally, inquiry was made of one of her neighbors in an effort to ascertain Ethel Lefrak's place of employment, if any. When the process servers were unable to effectuate personal service, each server, on separate dates, affixed a copy of the summons and complaint to Ethel Lefrak's residence and mailed another copy to the same address pursuant to CPLR 308 (4).

The six attempts to make service of the summons and complaint upon Ethel Lefrak at her residence at different times and on different days including early morning, evening, and a Saturday, and the inquiries of the defendant's neighbor, were sufficient to constitute due diligence *(see, Matos v Knibbs, 186 AD2d 725)*. The Court notes that Ethel Lefrak made no claim that she was working at the time service was attempted and the record contains no evidence that she was employed *(see, Mitchell v Mendez, 107 AD2d 737, 738; cf., DeShong v Marks, 144 AD2d 623)*.

Under the facts of this case, the resort to substituted service pursuant to CPLR 308 (4) was proper. Moreover, pursuant to CPLR 310 service on Ethel Lefrak constituted service on the defendant Shalimar Leasing Company, which is a partnership.

There are no allegations contesting the facts asserted in the affidavits of the process servers, nor have any other issues of fact been raised which would require a hearing *(cf., Skyline Agency v Ambrose Coppotelli, Inc., 117 AD2d 135)*. Sullivan, J. P., Joy, Friedmann and Goldstein, JJ., concur.