■ FRANK JOHNSON, Appellant, v JAMES WATERS, Respondent. [738 NYS2d 369] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Schmidt, J.), dated April 20, 1998, which denied his motion pursuant to CPLR 3215 for leave to enter a judgment against the defendant upon his failure to timely appear or answer.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

A process server made three attempts to serve the defendant at his residence. One of those attempts was during normal working hours, one on Wednesday evening, and one a Saturday morning. When the process server was unable to effectuate personal service, she affixed a copy of the summons and complaint to the defendant's apartment and mailed another copy to the same address pursuant to CPLR 308 (4).

The three attempts to make service of the summons and complaint upon the defendant at his residence at different times and on different days, including a Saturday, were sufficient to constitute due diligence (*see, Matos v Knibbs,* 186 AD2d 725). Since there was no indication that he worked on Saturdays, there was no showing of any other reasonable means whereby the chances of successful personal service could have been significantly increased (*see, Matos v Knibbs, supra*).

Accordingly, the process server properly resorted to service of process pursuant to CPLR 308 (4). Since the defendant failed to timely appear or interpose an answer, he is in default and the plaintiff's motion should have been granted. Ritter, J.P., Feuerstein, O'Brien, H. Miller and Townes, JJ., concur.