SECOND DEPARTMENT, MAY, 2007

(May 1, 2007)

■ GILDA AKLER, Respondent, v RONALD J. CHISENA, Appellant. [833 NYS2d 397]—

In an action to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Queens County (Agate, J.), dated January 4, 2006, which, after a hearing, found that he had been properly served with the summons and complaint pursuant to CPLR 308 (4) and granted the plaintiff's motion for a default judgment.

Ordered that the order is affirmed, with costs.

"Nail and mail" service pursuant to CPLR 308 (4) may be used only where personal service under CPLR 308 (1) and (2) cannot be made with due diligence. "The due diligence requirement of CPLR 308 (4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received" (*Gurevitch v Goodman*, 269 AD2d 355, 355 [2000]). Contrary to the defendant's contentions, the Supreme Court properly concluded that the three attempts made by the plaintiff's process server to personally serve him at his residence satisfied the due diligence requirement under the circumstances (*see Johnson v Waters*, 291 AD2d 481 [2002]; *Singh v Gold Coin Laundry Equip.*, 234 AD2d 358 [1996]; *Rodriguez v Khamis*, 201 AD2d 715 [1994]; *Matos v Knibbs*, 186 AD2d 725 [1992]). The resolution of issues of credibility was within the domain of the hearing court (*see Ortiz v Jamwant*, 305 AD2d 477 [2003]; *Koslosky v Koslosky*, 267 AD2d 357 [1999]; *McGuirk v Mugs Pub*, 250 AD2d 824 [1998]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Fisher, Lifson and Angiolillo, JJ., concur.