■ County of Nassau, Respondent, v Seamus Gallagher, Appellant. [841 NYS2d 696]—

In a civil forfeiture action pursuant to Administrative Code of the County of Nassau § 8-7.0 (g) (4) (L 1939, chs 272, 701-709, as amended), the defendant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (LaMarca, J.), entered April 12, 2006, as, upon reargument, in effect, vacated a prior order of the same court dated November 30, 2005, granting that branch of his prior motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction, denied that branch of his prior motion, and granted that branch of the plaintiff's motion which was for summary judgment on the complaint, and (2) a judgment of the same court entered July 19, 2006, which, upon the order entered April 12, 2006, inter alia, declared that the defendant's vehicle, a certain 2004 Toyota automobile, was forfeited pursuant to Administrative Code of the County of Nassau § 8-7.0 (g) (4). The notice of appeal from the order entered April 12, 2006 is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the defendant's contention, the Supreme Court properly determined that the attempts to serve the defendant at his residence satisfied the "due diligence" requirement for so-called "nail and mail" service under CPLR 308 (4) (*see Johnson v Waters*, 291 AD2d 481 [2002]; *Matos v Knibbs*, 186 AD2d 725 [1992]; *Mitchell v Mendez*, 107 AD2d 737, 738 [1985]). Where four attempts to serve the defendant at his residence included an attempt on a late weekday evening and an attempt on an early Saturday morning, it was not necessary that the plaintiff,

County of Nassau, attempt to serve the defendant at his workplace (*cf. County of Nassau v Long*, 35 AD3d 787, 788 [2006]; *County of Nassau v Letosky*, 34 AD3d 414 [2006]; *County of Nassau v Yohannan*, 34 AD3d 620, 621 [2006]; *Earle v Valente*, 302 AD2d 353, 353-354 [2003]). Accordingly, upon reargument, the Supreme Court properly, in effect, vacated its prior order granting that branch of the defendant's prior motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction, and properly denied that branch of the defendant's prior motion.

Moreover, in support of that branch of its motion which was for summary judgment on the complaint, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). In opposition, the defendant failed to raise any triable issues of fact with regard to his defenses. The plaintiff commenced this civil forfeiture action after the defendant pleaded guilty to violating Vehicle and Traffic Law § 1192 (1). Since the defendant remained in possession of his vehicle during the pendency of the action, and the Administrative Code of the County of Nassau § 8-7.0 (g) (4) (f) provides the defendant with post-forfeiture relief should the forfeiture cause substantial and unwarranted hardship, the defendant's due process rights were not violated in the absence of a hearing (*cf. County of Nassau v Canavan*, 1 NY3d 134 [2003]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint (*see Winegrad v New York Univ. Med. Ctr., supra*).

The defendant's remaining contentions are without merit. Crane, J.P., Goldstein, Dillon and Carni, JJ., concur.