■ JPMorgan Chase Bank, N.A., Respondent, v Claude Michael Szajna, Appellant. [898 NYS2d 524]—

In an action to recover on a promissory note, the defendant appeals from an order of the Supreme Court, Nassau County (Feinman, J.), dated March 31, 2009, which denied his motion pursuant to CPLR 5015 (a) (4) to vacate a judgment of the same

court dated April 28, 2005, entered upon his default in appearing or answering, which was in favor of the plaintiff and against him in the principal sum of $21,448.44.

Ordered that the order is affirmed, with costs.

The process server retained by the plaintiff made three attempts to serve the defendant at his dwelling. Contrary to the defendant's contention, the three attempts to serve him at his dwelling at different times and on different days, including an attempt on an early weekday morning and an attempt during midday Saturday, were sufficient to constitute "due diligence" within the meaning of CPLR 308 (4) (*see County of Nassau v Gallagher*, 43 AD3d 972, 973-974 [2007]; *Johnson v Waters*, 291 AD2d 481 [2002]; *Matos v Knibbs*, 186 AD2d 725 [1992]; *Mitchell v Mendez*, 107 AD2d 737, 738 [1985]). Since there was no indication that the defendant worked Saturdays or that his workplace was readily ascertainable, the plaintiff was not required to attempt to serve the defendant at his workplace (*see Johnson v Waters*, 291 AD2d 481 [2002]; *Matos v Knibbs*, 186 AD2d 725 [1992]; *Mitchell v Mendez*, 107 AD2d at 738; *cf. Pizzolo v Monaco*, 186 AD2d 727 [1992]). Accordingly, the process server properly resorted to service of process pursuant to CPLR 308 (4), and the defendant's motion to vacate the default judgment for lack of jurisdiction was properly denied. Rivera, J.P., Florio, Miller, Chambers and Roman, JJ., concur.