■ STATE OF NEW YORK, Respondent, v BARUCH MAPPA, Appellant, et al., Defendant. [911 NYS2d 426]—

In an action, inter alia, pursuant to Social Services Law § 461-f (5) to recover an operating deficit incurred by a receiver, the defendant Baruch Mappa appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated January 28, 2010, as denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss the action insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants, inter alia, moved to dismiss the action insofar as asserted against the defendant Baruch Mappa for lack of personal jurisdiction, contending that the attempt to serve him at his residence did not satisfy the "due diligence" requirement of the "nail and mail" service statute pursuant to CPLR 308 (4) and that the process server was not credible. In opposition, the plaintiff presented its process server's affidavit of service made pursuant to CPLR 308 (4) and evidence of Mappa's residence address. Under the circumstances of this case, the affidavit, which stated that the process server attempted to serve Mappa at his dwelling at different times and on different days, was sufficient to meet the "due diligence" requirement of CPLR 308 (4) (*see JPMorgan Chase Bank, N.A. v Szajna*, 72 AD3d 902, 903 [2010]; *Estate of Waterman v Jones*, 46 AD3d 63, 66 [2007]; *County of Nassau v Gallagher*, 43 AD3d 972, 973-974 [2007]; *Johnson v Waters*, 291 AD2d 481 [2002]). Furthermore, since there was no evidence that Mappa was employed, the plaintiff was not required to attempt to serve Mappa at his place of business (*see Johnson v Waters*, 291 AD2d 481 [2002]; *Marballie v Lefrak*, 201 AD2d 707 [1994]; *Matos v Knibbs*, 186 AD2d 725

[1992]; *Mitchell v Mendez*, 107 AD2d 737, 738 [1985]). Mappa did not submit an affidavit from one with personal knowledge denying receipt of the summons and complaint or challenging the accuracy of the allegations in the affidavit of service (*see Marballie v Lefrak*, 201 AD2d 707 [1994]; *Matos v Knibbs*, 186 AD2d 725 [1992]; *Mitchell v Mendez*, 107 AD2d at 738).

Accordingly, the process server properly resorted to service of process pursuant to CPLR 308 (4), and that branch of the defendants' motion which was to dismiss the action insofar as asserted against Mappa was properly denied.

To the extent that the defendant Martin Rosenberg purports to join in the brief filed by the defendant Baruch Mappa, no notice of appeal was filed on behalf of Rosenberg. Accordingly, the issues raised on behalf of Rosenberg have not been considered (*see* CPLR 5515 [1]; *Carriere v Whiting Turner Contr.*, 299 AD2d 509, 510 [2002]). Rivera, J.P., Covello, Eng, Leventhal and Austin, JJ., concur.