■ CANDIDA LOPEZ, Respondent, v JOHN DEPIETRO, Appellant. [917 NYS2d 318]—

An application for an adjournment is addressed to the sound discretion of the hearing court, which must engage in a balanced consideration of all of the relevant factors (*see Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *Matter of Ciccone v Ciccone*, 73 AD3d 1052, 1052-1053 [2010]; *Diamond v Diamante*, 57 AD3d 826, 827 [2008]; *Matter of Venditto v Davis*, 39 AD3d 555 [2007]). Contrary to the defendant's contention, under all

of the attendant circumstances, the Referee did not improvidently exercise his discretion in denying the defendant's request for an adjournment to produce additional testimony.

In reviewing the hearing court's determination, this Court possesses authority "which is as broad as that of the hearing court, and may render the judgment it finds warranted by the facts, taking into account that in a close case, the hearing court had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983])" (*American Home Mtge. v Villaflor*, 80 AD3d 637 [2011]). Here, the hearing court's determination that the defendant was properly served was supported by the credible evidence adduced at the hearing (*see King v Gil*, 69 AD3d 678 [2010]; *Federal Fin. Co. v Public Adm'r, Kings County*, 47 AD3d 881, 882 [2008]; *Ahrens v Chisena*, 40 AD3d 787, 788 [2007]), and we discern no basis for disturbing that determination. We further note that the hearing court properly determined that the process server's attempts to personally serve the defendant at his residence satisfied the due diligence requirement of CPLR 308 (4) (*see State of New York v Mappa*, 78 AD3d 926 [2010]; *JPMorgan Chase Bank, N.A. v Szajna*, 72 AD3d 902, 903 [2010]; *County of Nassau v Gallagher*, 43 AD3d 972, 973-974 [2007]; *Akler v Chisena*, 40 AD3d 559 [2007]; *Lemberger v Khan*, 18 AD3d 447 [2005]). Prudenti, P.J., Eng, Belen and Sgroi, JJ., concur.