In an action to foreclose a mortgage, the defendant Nicholas M. Cherot appeals from an order of the Supreme Court, Westchester County (Robert J. Friedman, J.H.O.), dated April 11, 2011, which, after a hearing, in effect, denied his motion to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
Ordered that order is affirmed, with costs.
At a hearing to determine the validity of service of process, the plaintiffs process server testified that he made three attempts to personally serve the defendant Nicholas M. Cherot (hereinafter the appellant) at his residence, including one attempt on a weekday evening at 7:20 p.m., and one attempt early on a Saturday morning. After his third attempt to personally serve the appellant proved unsuccessful, the process server utilized “nail and mail” service pursuant to CPLR 308 (4). Contrary to the appellant’s contention, the process server’s uncontradicted testimony that he made three attempts to effect personal service at the appellant’s residence at different times on different days, including a Saturday, were sufficient to satisfy the “due diligence” requirement of CPLR 308 (4) (see Lopez v DePietro, 82 AD3d 715, 716 [2011]; Farias v Simon, 73 AD3d 569, 570 [2010]; JPMorgan Chase Bank, N.A. v Szajna, 72 AD3d *769 902, 903 [2010]; County of Nassau v Gallagher, 43 AD3d 972, 973-974 [2007]; Lemberger v Khan, 18 AD3d 447 [2005]; Johnson v Waters, 291 AD2d 481 [2002]; cf. Serraro v Staropoli, 94 AD3d 1083 [2012]).
The appellant’s remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the appellant’s motion to dismiss the complaint insofar as asserted against him. Eng, P.J., Angiolillo, Sgroi and Hinds-Radix, JJ., concur.