■ DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for SAXON ASSET SECURITIES TRUST 2007-2, Respondent, v DELROY WHITE, Appellant, et al., Defendant. [972 NYS2d 664]—

In an action to foreclose a mortgage, the defendant Delroy White appeals from an order of the Supreme Court, Westchester County (Murphy, J.), entered October 25, 2011, which denied, without a hearing, his motion, in effect, pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale entered May 25, 2010, upon his failure to appear or answer the complaint.

Ordered that the order is affirmed, with costs.

This action was commenced on March 26, 2009. According to the affidavit of service, on April 1, 2009, the defendant Delroy White was served with, inter alia, a copy of the summons and complaint at his home, which is the mortgaged property, via "nail and mail" service pursuant to CPLR 308 (4). As required by CPLR 308 (4), the process server also mailed a copy of the same papers to White at the same address on April 3, 2009. White neither appeared nor answered the complaint. On May 25, 2010, a judgment of foreclosure and sale (hereinafter the judgment) was entered against him. On July 1, 2010, a copy of the judgment was served upon White with notice of entry. On August 20, 2010, a foreclosure auction was held, and the mortgaged property was sold. In September 2011, White moved, in effect, pursuant to CPLR 5015 (a) (4), to vacate the judgment entered upon his default. In support, he submitted an affidavit stating, in conclusory fashion, that he was never served with a copy of the summons and complaint or with any foreclosure documents. The Supreme Court denied White's motion.

The Supreme Court properly denied White's motion, in effect, pursuant to CPLR 5015 (a) (4) to vacate the judgment. Service pursuant to CPLR 308 (4) may be used only where personal service under CPLR 308 (1) and (2) cannot be made with due dili-

gence (*see Lemberger v Khan*, 18 AD3d 447 [2005]). Since the statute does not define "due diligence," it has been interpreted and applied on a case-by-case basis (*see Estate of Waterman v Jones*, 46 AD3d 63, 66 [2007]). The "due diligence" requirement may be met with "a few visits on different occasions and at different times to the defendant's residence or place of business when the defendant could reasonably be expected to be found at such location at those times" (*id.* at 66; *see Wells Fargo Bank, N.A. v Cherot*, 102 AD3d 768 [2013]; *Lemberger v Khan*, 18 AD3d 447 [2005]).

Here, the affidavit of the process server constituted prima facie evidence of proper service pursuant to CPLR 308 (4), as the process server made three attempts to serve White at his home at different times and on different days, including a Saturday (*see Wells Fargo Bank, N.A. v Cherot*, 102 AD3d 768 [2013]). Since there was no indication that White worked Saturdays or that his workplace was readily ascertainable, "the plaintiff was not required to attempt to serve the defendant at his workplace" (*JPMorgan Chase Bank, N.A. v Szajna*, 72 AD3d 902, 903 [2010]). White's bare and unsubstantiated denial of receipt was insufficient to rebut the presumption of proper service, and a hearing on the issue of service was not required (*see Citimortgage, Inc. v Bustamante*, 107 AD3d 752 [2013]; *US Natl. Bank Assn. v Melton*, 90 AD3d 742, 743 [2011]).

To the extent that White sought to vacate his default pursuant to CPLR 5015 (a) (1), the motion was untimely since it was not made within one year after a copy of the judgment was served upon him with notice of entry (*see* CPLR 5015 [a] [1]; *US Natl. Bank Assn. v Melton*, 90 AD3d at 744). Moreover, White was not entitled to relief pursuant to CPLR 5015 (a) (1), as he failed to set forth any reasonable excuse for his default, since the only excuse proffered was that he was not served with process (*see Deutsche Bank Natl. Trust Co. v Pietranico*, 102 AD3d 724 [2013]). In the absence of a reasonable excuse, it is unnecessary to determine whether White demonstrated the existence of a potentially meritorious defense (*see Wells Fargo Bank v Malave*, 107 AD3d 880 [2013]; *Wells Fargo Bank, N.A. v Cervini*, 84 AD3d 789, 790 [2011]).

White's remaining contentions either are without merit or have been improperly raised for the first time on appeal. Dillon, J.P., Angiolillo, Leventhal and Lott, JJ., concur.