■ Angela Velez, Respondent, v John T. Forcelli, Appellant. [61 NYS3d 24]—

In an action to recover on two promissory notes, the defend-

ant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), dated December 18, 2015, as, after a hearing to determine whether the defendant was properly served with process, upon remittal, denied that branch of his motion which was to vacate a judgment of the same court (Adler, J.), dated April 29, 2011, entered upon his failure to appear or answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against the defendant to recover on two unpaid promissory notes. After the defendant failed to appear, a default judgment was entered against him. The defendant then moved, inter alia, to vacate the default judgment for lack of personal jurisdiction, claiming he was not served with the summons and complaint. The plaintiff asserted that after the process server attempted service pursuant to CPLR 308 (1) and (2) on seven different occasions at the defendant's home to no avail, the defendant was served pursuant to CPLR 308 (4) . The motion was denied, and on appeal, this Court, inter alia, remitted the matter for a hearing to determine whether the defendant was properly served with process and for a new determination of his motion to vacate the default judgment (*see Velez v Forcelli*, 125 AD3d 643 [2015]). After the hearing, the Supreme Court found that the prior attempts to effectuate personal service pursuant to CPLR 308 (1) and (2) met the due diligence requirement, that the defendant was, thus, properly served pursuant to CPLR 308 (4), and, accordingly, denied the defendant's motion to vacate the default judgment. We affirm.

Service pursuant to CPLR 308 (4) may be used only where personal service under CPLR 308 (1) and (2) cannot be made with due diligence (*see* CPLR 308 [4]; *Deutsche Bank Natl. Trust Co. v White*, 110 AD3d 759, 759-760 [2013]; *Estate of Waterman v Jones*, 46 AD3d 63, 65 [2007]). The term "due diligence," which is not defined by statute, has been interpreted and applied on a case-by-case basis (*see Estate of Waterman v Jones*, 46 AD3d at 66; *JP Morgan Chase Bank, N.A. v Baldi*, 128 AD3d 777 [2015]).

Here, the evidence elicited at the hearing demonstrated that seven visits were made to the defendant's residence at different times, including those times when the defendant could reasonably have been expected to be found at his residence (*see JP Morgan Chase Bank, N.A. v Baldi*, 128 AD3d 777 [2015]; *Wells Fargo Bank, N.A. v Cherot*, 102 AD3d 768, 769 [2013]). It was further established at the hearing that the process server suf-

ficiently confirmed that the defendant resided at the premises at which service was attempted. While there was no evidence presented at the hearing of unsuccessful attempts by the process server to obtain an employment address for the defendant, it is undisputed that the defendant was out of work due to injuries he sustained in a car accident. Contrary to the defendant's contention, under these circumstances, the Supreme Court properly concluded that the due diligence requirement was satisfied (*see JP Morgan Chase Bank, N.A. v Baldi*, 128 AD3d at 778; *Wells Fargo Bank, N.A. v Cherot*, 102 AD3d at 769; *Lopez v DePietro*, 82 AD3d 715 [2011]; *JPMorgan Chase Bank, N.A. v Szajna*, 72 AD3d 902 [2010]; *County of Nassau v Gallagher*, 43 AD3d 972, 973-974 [2007]).

Accordingly, the Supreme Court properly denied the defendant's motion to vacate the default judgment for lack of personal jurisdiction.

The defendant's remaining contention is without merit. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.