This opinion is uncorrected and subject to revision before
publication in the New York Reports.
-------------------------------------------------------------------

No. 120
In the Matter of Frank Mestecky,
          Appellant,
        v.
City of New York, et al.,
          Respondents.

                Christopher F. Mestecky, for appellant.
                Max McCann, for respondents.

DiFIORE, Chief Judge:

        New York City Charter § 1049-a(d)(2) permits the use of

affix and mail service of Notices of Violation (NOVs) issued by

Department of Building (DOB) inspectors who discover building

code violations, but only after there has been "a reasonable

attempt" to deliver the notice "to a person in such premises upon

- 1 -

whom service may be made as provided for by article three of the civil practice law and rules or article three of the business corporation law" (see NY City Charter § 1049-a[d][2][b]).  The question presented is whether, prior to use of the affix and mail procedure, the City Charter requires more than a single attempt to personally serve the NOV at the premises.

The Environmental Control Board (ECB), a division of the City's Office of Administrative Trials and Hearings, adjudicates certain violations of the New York City Charter and Administrative Code, including violations of the building code. Petitioner owns residential property on Union Turnpike in New Hyde Park.  In the determinations challenged in this proceeding, the ECB found that between October 2011 and June 2012, DOB inspectors issued nine NOVs for code violations observed at the property.  Each NOV identified the nature of the alleged violation and contained a statement, made under penalty of perjury, describing the inspector's unsuccessful effort to personally serve the NOV at the premises.  For example, with respect to three NOVs issued in December 2011, the inspector explained "female occupants state [premises owner] does not live there -- refused [to] accept service."  Three NOVs posted in June 2012 state: "No response to doorbell -- knocks at front storm door -- waited 5 minutes."  In each instance, after a single unsuccessful attempt at personal service, the inspector used the "alternate service" procedure, affixing the NOV in a conspicuous

place.  Additional documentary proof indicated that copies of the
NOVs were mailed to petitioner at the premises address and, for
NOVs issued after February 2012, at his home in Bayside, Queens.

Petitioner's failure to appear on the hearing dates
directed on the NOVs resulted in administrative default judgments
imposing fines and penalties.  With respect to seven of the nine
NOVs, petitioner successfully moved to vacate the defaults.  At
two hearings consolidating challenges to those NOVs, petitioner
denied having received any of the NOVs and argued, among other
things, that they were not properly served because more than one
attempt at personal service is required prior to use of the
alternate affix and mail procedure authorized in New York City
Charter § 1049-a(d)(2)(a)(ii).  That argument was rejected by the
presiding Administrative Law Judges and the ECB sustained the
violations upon administrative appeal.  Petitioner's motions
before the ECB to open the two remaining administrative default
judgments were denied.  Petitioner commenced this CPLR article 78
proceeding challenging the ECB determinations with respect to all
nine NOVs, which was transferred to the Appellate Division.

The Appellate Division confirmed the determinations,
denied the petition and dismissed the proceeding, concluding that
the agency properly interpreted New York City Charter § 1049-
a(d)(2)(b) to require only one attempt at personal service of an
NOV at the premises prior to resorting to the affix and mail
procedure and, thus, the seven NOVs that were reviewed in the

administrative hearings were properly served (133 AD3d 431).

That court also held that petitioner's claims with respect to the

two administrative default judgments were time-barred due to his

failure to commence the CPLR article 78 proceeding within four

months of the ECB determinations denying his motions to vacate

those defaults.  The Appellate Division granted petitioner leave

to appeal to this Court, certifying the question of whether its

order was properly made.  We now affirm.

In statutory interpretation cases, the Court's "primary

consideration 'is to ascertain and give effect to the intention

of the Legislature'" (Matter of DaimlerChrysler Corp. v Spitzer,

7 NY3d 653, 660 [2006], quoting Riley v County of Broome, 95 NY2d

455, 463 [2000]).  The statutory text is the clearest indicator

of legislative intent "and courts should construe unambiguous

language to give effect to its plain meaning" (id.).  When the

statutory language at issue is but one component in a larger

statutory scheme, it "must be analyzed in context and in a manner

that 'harmonizes the related provisions and renders them

compatible'" (Matter of M.B., 6 NY3d 437, 447 [2006] [internal

ellipses and brackets omitted]), quoting Matter of Tall Trees

Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, 97

NY2d 86, 91 [2001]).  "We have recognized that meaning and effect

should be given to every word of a statute" and that an

interpretation that renders words or clauses superfluous should

be rejected (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104

[2001]).

New York City Charter § 1049-a(d)(2)(a) begins with a general provision requiring service of the NOV according to the rules governing service of process in CPLR article 3 and Business Corporation Law article 3.  This general provision is followed by a series of exceptions permitting alternate service procedures in specified circumstances.  One of the exceptions, relevant here, addresses NOVs issued by the DOB, where service "may be made by affixing such notice in a conspicuous place to the premises where the violation occurred" (NY City Charter § 1049-a[d][2][a][ii]).  After being affixed to the premises, the NOV must be "mailed to the respondent at the address of such premises" and the ECB must also review its own files and those of the Department of Housing Preservation and Development (HPD) and the Department of Finance (DOF) to identify other addresses for the owner (or owner's agent) to which the notice must also be mailed (id. § 1049-a[d][2][b][i], [ii], [iii]).[1]  This affix and mail procedure may

---

[1] These file review provisions appear to dovetail with other requirements of New York City law, including New York City Administrative Code § 27-2097, which requires certain non-resident owners of residential property -- such as petitioner -- to file a registration statement providing a current home and business address within 10 days of vacating the property. Although petitioner testified that he moved out of the Union Turnpike residence in June or July 2011 and that it was occupied by tenants, there is no indication in the record that, at the time of his move or in the days or weeks that followed, petitioner informed DOB, HPD or DOF that he had vacated the residence or wished to receive premises-related correspondence at a new address.  Petitioner points to a property tax bill that DOF mailed to him at his Bayside home more than six months later, in

be used, however, only "where a reasonable attempt has been made to deliver such notice to a person in such premises upon whom service may be made as provided for by article three of the civil practice law and rules or article three of the business corporation law" (id. § 1049-a[d][2][b]).

Citing Matter of First Horizon Home Loans v New York City Envtl. Control Bd. (118 AD3d 875 [2d Dept 2014]),[2] petitioner argues that, by referencing CPLR article 3, New York City Charter § 1049-a(d)(2)(b) incorporates the CPLR 308(4) restriction permitting affix and mail service only when personal delivery (including delivery to a person of suitable age or discretion) "cannot be made with due diligence."  Noting that some courts in other contexts have interpreted "due diligence" as requiring at least three delivery attempts at different times of day (see e.g. State of New York v Mappa, 78 AD3d 926 [2d Dept 2010]; Johnson v Waters, 291 AD2d 481 [2d Dept 2002]; Matos v Knibbs, 186 AD2d 725 [2d Dept 1992]; Hochhauser v Bungeroth, 179

_____

February 2012.  Evidence that DOF was aware of petitioner's new address on that date is consistent with ECB's assertion that its file reviews for NOVs issued in October and December 2011 showed only the Union Turnpike address but subsequent file reviews for NOVs issued after February 2012 showed a second address -- the Bayside residence.

    [2] It is unclear whether First Horizon Home Loans supports petitioner's argument as it does not reference the "due diligence" requirement of CPLR article 3 and may be factually inapposite.  However, to the extent the case can be read for the proposition urged by petitioner, it should not be followed.

AD2d 431 [1st Dept 1992]), petitioner maintains that the inspectors' efforts here -- one attempt to deliver the NOV to a person at the premises -- were insufficient.

This argument is belied by the structure of the statute. Because New York City Charter § 1049-a(d)(2) begins by stating the general rule that CPLR article 3 service rules apply "except" in certain enumerated circumstances, the contention that section 1049-a(d)(2)(b) -- relating to an exception -- requires strict adherence to CPLR article 3, including the due diligence standard, is plainly incorrect. To read the provision this way would make the exception indistinguishable from the general rule, thereby rendering it superfluous. Considered in context, the only reasonable conclusion is that the cross-reference to CPLR article 3 and Business Corporation Law article 3 in the exception was intended to import the provisions of those articles clarifying the parties or entities who can accept service, such as the clause permitting delivery to "a person of suitable age and discretion" (see CPLR 308[2]). Indeed, this is the most natural reading of section 1049-a(d)(2)(b) given that the phrase containing the statutory cross-references directly follows the clause requiring "a reasonable attempt" to deliver the notice "to a person in such premises upon whom service may be made."

Further, the plain language of the relevant statute speaks in the singular -- "[s]uch notice may only be affixed . . . where a reasonable attempt has been made" at personal

delivery -- indicating that only one attempt is required (NY City Charter § 1049-a[d][2][b] [emphasis added]).  The legislative history supports this interpretation.  As the Governor's approval memorandum explains, the affix and mail procedure was added to the predecessor statute in 1979 to "eliminate the time-consuming, costly and often unrewarding process now entailed in identifying and locating the person responsible for the violation" (Governor's Mem approving L 1979, ch 623, 1979 NY Legis Ann at 366, amending former New York City Charter § 1404).  This point was echoed by Mayor Koch, who noted that the alternate method of service could be utilized after "an attempt" at personal service (Letter of Mayor Koch, Bill Jacket, L 1979, ch 623).  In 1997, when the affix and mail procedure was made applicable to building and fire code violations, the legislative history indicates the measure was needed because of the difficulty inspectors encountered locating owners of violating properties in order to serve the NOV, particularly nonresident owners such as petitioner (see Letter of President of the Borough of Queens, Bill Jacket, L 1997, ch 569, at 9-10).  The relevant charter provisions have been amended repeatedly over time to liberalize service rules to address the chronic problem of violators avoiding service.  The restrictive interpretation urged by petitioner is inconsistent with this legislative history.

Moreover, the alternate service procedure authorized by the statute -- a single attempt to personally deliver the NOV,

coupled with affixing the NOV to the property and mailing copies to the owner at the premises and other addresses on file with related City agencies -- is reasonably calculated to inform owners of violations relating to their properties. We therefore agree with the ECB and the Appellate Division that New York City Charter § 1049-a(d)(2)(b) permits use of affix and mail service after a single reasonable attempt by a DOB inspector to personally deliver the NOV at the premises.

Finally, the Appellate Division properly concluded that petitioner's challenge to the two administrative default judgments is time-barred. Several of petitioner's remaining arguments -- such as his claim that the documentary proof of mailing was deficient due to the absence of affidavits of mailing -- were not timely raised at the hearing and his other contentions lack merit.

Accordingly, the Appellate Division judgment should be affirmed, with costs, and the certified question not answered as unnecessary.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Judgment affirmed, with costs, and certified question not answered as unnecessary. Opinion by Chief Judge DiFiore. Judges Rivera, Stein, Fahey, Garcia, Wilson and Feinman concur.

Decided November 20, 2017