HSBC Mtge. Corp. (USA) v Hollender (2018 NY Slip Op 01907)





HSBC Mtge. Corp. (USA) v Hollender


2018 NY Slip Op 01907


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2016-04140
 (Index No. 21760/09)

[*1]HSBC Mortgage Corporation (USA), respondent,
v
Frieda Hollender, appellant, et al., defendants.


Solomon Rosengarten, Brooklyn, NY, for appellant.
Rosicki, Rosicki & Associates, P.C., Plainview, NY (Jessica L. Bookstaver of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Kings County (Robin S. Garson, J.), dated December 16, 2015. The order, insofar as appealed from, denied that branch of the motion of the defendant Frieda Hollender which was, in effect, pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of that court dated March 6, 2015, entered upon her default in answering or appearing, and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this mortgage foreclosure action in August 2009 against the defendant Freida Hollender, among others. According to the affidavit of the plaintiff's process server, Hollender was served with, inter alia, a copy of the summons and complaint at her home pursuant to CPLR 308(4). It is not disputed that Hollender defaulted in answering or appearing. A judgment of foreclosure and sale dated March 6, 2015, was entered in favor of the plaintiff. Thereafter, Hollender moved, inter alia, in effect, pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. The Supreme Court denied the motion, and Hollender appeals.
Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308 (see Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174; Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 896-897). CPLR 308 requires that service be attempted by personal delivery of the summons "to the person to be served" (CPLR 308[1]), or by delivery "to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode" (CPLR 308[2]). Service pursuant to CPLR 308(4), commonly known as affix and mail service, may be used only where service under CPLR 308(1) or (2) cannot be made with "due diligence" (CPLR 308[4]; see Feinstein v Bergner, 48 NY2d 234, 238-239; O'Connell v Post, 27 AD3d 630, 631; Lemberger v Kahn, 18 AD3d 447). Since CPLR 308(4) does not define "due diligence," it has been interpreted and applied on a case-by-case basis (see Barnes v City of New York, 51 NY2d 906, 907; Estate of Waterman v Jones, 46 AD3d 63, 66). The due diligence requirement may be met with "a few visits on different occasions and at different times to the defendant's residence or place of business when the defendant could reasonably be expected [*2]to be found at such location at those times" (Estate of Waterman v Jones, 46 AD3d at 66; see Wells Fargo Bank NA v Besemer, 131 AD3d 1047, 1048).
Here, the process server's affidavit, which reflects that he made three attempts to effect personal service at Hollender's residence at different times on different days when Hollender could reasonably be expected to be home, constituted prima facie evidence of proper service pursuant to CPLR 308(4) (see Deutsche Bank Natl. Trust Co. v White, 110 AD3d 759, 760; Wells Fargo Bank, N.A. v Cherot, 102 AD3d 768; JPMorgan Chase Bank, N.A. v Szajna, 72 AD3d 902, 903), and the affirmation of Hollender's counsel, submitted in support of her motion, was insufficient to rebut the presumption of proper service or to warrant a hearing (see Citimortgage, Inc. v Bustamante, 107 AD3d 752, 753; US Natl. Bank Assn. v Melton, 90 AD3d 742, 743). Contrary to Hollender's contention, under the circumstances here, the plaintiff was not required to attempt to serve her at her workplace (see Deutsche Bank Natl. Trust Co. v White, 110 AD3d at 760; JPMorgan Chase Bank, N.A. v Szajna, 72 AD3d at 903).
Accordingly, the Supreme Court properly denied that branch of Hollender's motion which was, in effect, pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
AUSTIN, J.P., ROMAN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court