PHH Mtge. Corp. v Johnson (2021 NY Slip Op 00440)





PHH Mtge. Corp. v Johnson


2021 NY Slip Op 00440


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-03414
 (Index No. 505826/15)

[*1]PHH Mortgage Corporation, respondent, 
v
Tyrelle Johnson, etc., appellant, et al., defendants.


The Rosenfeld Law Office, Lawrence, NY (Avinoam Rosenfeld of counsel), for appellant.
McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York, NY (William N. Aumenta of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Tyrelle Johnson appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated December 27, 2017. The order denied, without a hearing, that defendant's motion, inter alia, to vacate a judgment of foreclosure and sale of the same court dated April 24, 2017, entered upon his failure to appear or answer the complaint, and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this mortgage foreclosure action against, among others, Tyrelle Johnson (hereinafter the defendant). The defendant failed to appear or answer the complaint. The plaintiff subsequently moved for a judgment of foreclosure and sale, which was granted without opposition. The judgment of foreclosure and sale was entered, and a foreclosure sale was scheduled. On the day prior to the scheduled sale, the defendant moved by order to show cause, inter alia, to vacate the judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The defendant argued, among other things, that he was not properly served with process pursuant to CPLR 308. By order dated December 27, 2017, the Supreme Court denied the defendant's motion without a hearing. The defendant appeals.
The Supreme Court properly denied the defendant's motion. Service pursuant to CPLR 308(4) may be used only where personal service under CPLR 308(1) or (2) cannot be made with "due diligence" (see HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d 883, 884). Since the statute does not define "due diligence," it has been interpreted and applied on a case-by-case basis (see Countrywide Home Loans, Inc. v Smith, 171 AD3d 858, 858). The "due diligence" requirement may be met with "a few visits on different occasions and at different times to the defendant's residence or place of business when the defendant could reasonably be expected to be found at such location at those times" (Deutsche Bank Natl. Trust Co. v White, 110 AD3d 759, 760 [internal quotation marks omitted]; see Estate of Waterman v Jones, 46 AD3d 63, 66).
Here, the affidavit of the process server constituted prima facie evidence of proper [*2]service pursuant to CPLR 308(4), as the process server made four attempts to serve the defendant at his home at different times and on different days, including one attempt early on a weekday morning and one attempt early on a Saturday morning (see Wells Fargo Bank, N.A. v Cherot, 102 AD3d 768, 768; JPMorgan Chase Bank, N.A. v Szajna, 72 AD3d 902, 903). Moreover, service was attempted at the defendant's workplace but proved unsuccessful. The defendant's bare and unsubstantiated denial of receipt was insufficient to rebut the presumption of proper service (see Deutsche Bank Natl Trust Co. v White, 110 AD3d at 760; Citimortgage, Inc. v Bustamante, 107 AD3d 752, 753).
The defendant's remaining contentions are without merit.
AUSTIN, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court