Wilmington Trust Co. v Gewirtz (2021 NY Slip Op 02562)





Wilmington Trust Co. v Gewirtz


2021 NY Slip Op 02562


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2017-11447
 (Index No. 507931/14)

[*1]Wilmington Trust Company, etc., appellant,
v
Edward Gewirtz, also known as Edward N. Gewirtz, et al., respondents, et al., defendants.


Shapiro, DiCaro & Barak, LLC, Rochester, NY (Austin T. Shufelt of counsel), for appellant.
Bronstein, Gewirtz & Grossman, LLC, New York, NY (Edward N. Gewirtz respondent pro se of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated September 7, 2017. The order, insofar as appealed from, after a hearing to determine the validity of service of process upon the defendants Edward Gewirtz, also known as Edward N. Gewirtz, and Amy Gewirtz, granted those defendants' motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction and, in effect, denied, as academic, the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendants Edward Gewirtz, also known a Edward N. Gewirtz, and Amy Gewirtz pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction is denied, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference in accordance herewith.
In 2004, the defendant Edward Gewirtz executed a note in the sum of $280,000 which was secured by a mortgage on residential property located in Brooklyn. In 2014, the plaintiff commenced this action against Edward Gewirtz, also known as Edward N. Gewirtz, and the defendant Amy Gewirtz (hereinafter together the defendants), among others, to foreclose the mortgage, alleging a default in the monthly payment obligations due on the note beginning in 2008.
After the defendants interposed an answer, they moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar against them for lack of personal jurisdiction due to improper service. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants cross-moved to compel discovery.
A hearing to determine the validity of service of process was held and, in an order dated September 7, 2017, the Supreme Court granted the defendants' motion to dismiss. The court also, in effect, denied, as academic, the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and the defendants' cross motion to compel discovery. The plaintiff appeals from so much of the order as granted the defendants' motion to dismiss, and, in effect, denied, as academic, its motion, inter alia, for summary judgment.
"At a hearing to determine the validity of service of process, the burden of proving personal jurisdiction is upon the party asserting it, and that party must sustain that burden by a preponderance of the credible evidence" (Grand Pac. Mtge. Corp. v Pietranski, 175 AD3d 1503, 1505). "Service pursuant to CPLR 308(4) may be used only where personal service under CPLR 308(1) and (2) cannot be made with due diligence" (Deutsche Bank Natl. Trust Co. v White, 110 AD3d 759, 759-760). The due diligence standard, while not defined by statute, has been interpreted and applied on a case-by-case basis (see Estate of Waterman v Jones, 46 AD3d 63, 66). "The due diligence requirement may be met with 'a few visits on different occasions and at different times to the defendant's residence or place of business when the defendant could reasonably be expected to be found at such location at those times'" (HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d 883, 884, quoting Estate of Waterman v Jones, 46 AD3d at 66).
Here, the process server's attempts to serve the defendants at their residence satisfied the "due diligence" requirement for service pursuant to CPLR 308(4) (see County of Nassau v Gallagher, 43 AD3d 972; Johnson v Waters, 291 AD2d 481). There were four attempts to serve the defendants at their residence at times when they could reasonably have been expected to be found there, including attempts on a late weekday evening, an early weekday morning, a weekend evening, and a weekday afternoon (see JP Morgan Chase Bank, N.A. v Baldi, 128 AD3d 777). As the plaintiff established by a preponderance of the credible evidence that personal jurisdiction was acquired over the defendants, the Supreme Court should have denied the defendants' motion to dismiss the complaint insofar as asserted against them (see Wells Fargo Bank, N.A. v Cherot, 102 AD3d 768) and decided the plaintiff's motion, inter alia, for summary judgment on the merits instead of, in effect, denying it as academic.
Under the circumstances, we remit the matter to the Supreme Court, Kings County, for a determination on the merits of the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In making that determination, the court should consider whether that motion was premature.
The defendants' remaining contentions are either without merit or academic in light of our determination.
DILLON, J.P., HINDS-RADIX, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court