HSBC Bank USA, N.A. v Cupid (2022 NY Slip Op 06472)

HSBC Bank USA, N.A. v Cupid

2022 NY Slip Op 06472

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2019-13131
 (Index No. 9875/08)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
Cynthia Cupid, appellant, et al., defendants.

Leila Rose-Gordon, Elmont, NY, for appellant.
Hinshaw & Culbertson LLP, New York, NY (Melisa Zukic and Schuyler B. Kraus of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Cynthia Cupid appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered May 31, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, and denied the cross motion of the defendant Cynthia Cupid pursuant to CPLR 5015(a)(4) to vacate an order of the same court (Pam B. Jackman-Brown, J.) dated July 21, 2017, granting the plaintiff's motion, inter alia, for an order of reference, and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned.
ORDERED that the order entered May 31, 2019, is affirmed insofar as appealed from, with costs.
In April 2008, Fremont Investment & Loan (hereinafter Fremont) commenced this action against the defendant Cynthia Cupid (hereinafter the defendant), among others, to foreclose a mortgage on property located in Cambria Heights. In May 2008, the defendant allegedly was served pursuant to CPLR 308(4), and she failed to answer the complaint. In an order dated September 13, 2008, the Supreme Court granted Fremont's motion, inter alia, for an order of reference. On December 3, 2008, the court issued a judgment of foreclosure and sale. Thereafter, in 2009, 2010, and 2015, the defendant filed three separate orders to show cause, seeking, inter alia, to vacate the judgment of foreclosure and sale, each alleging that she was not properly served. The court declined to sign two of the orders to show cause, and the defendant withdrew the third.
In July 2015, Fremont moved, inter alia, to vacate the order dated September 13, 2008, and the judgment of foreclosure and sale, for an order of reference, and to amend the caption to substitute HSBC Bank USA, National Association (hereinafter HSBC), as the plaintiff. In an order dated July 21, 2017, the Supreme Court granted the motion. In November 2018, HSBC moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved pursuant to CPLR 5015(a)(4) to vacate the order dated July 21, 2017, and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned. In an order [*2]entered May 31, 2019, the court, inter alia, granted those branches of HSBC's motion and denied the defendant's cross motion. The defendant appeals.
"Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308" (Wells Fargo Bank, N.A. v Heaven, 176 AD3d 761, 762; see Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174). Service under CPLR 308(4) may be effected "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business" (CPLR 308[4]; see Feinstein v Bergner, 48 NY2d 234, 240). Attempted service "is invalid if the service address is not, in fact, the defendant's actual place of business, dwelling place, or usual place of abode" (Everbank v Kelly, 203 AD3d 138, 147). "Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589; see U.S. Bank N.A. v Dass, 200 AD3d 1003, 1004).
Here, the Supreme Court properly determined that the affidavit of service demonstrated, prima facie, that the defendant was properly served with the summons and complaint pursuant to CPLR 308(4) by affixing a copy of the summons and complaint to the door of her dwelling place, and by mailing a copy of the summons and complaint to her last known residence (see Rattner v Fessler, 202 AD3d 1011, 1014; Citimortgage, Inc. v Weaver, 197 AD3d 1087, 1088; PHH Mtge. Corp. v Johnson, 190 AD3d 990, 991; Deutsche Bank Natl. Trust Co. v White, 110 AD3d 759, 760). Contrary to the defendant's contention, she failed to rebut that prima facie showing. Several documents in the record indicate that the address where service was effected was her residence at the relevant time, rather than the mortgaged property, as claimed by her, and the defendant did not substantiate her claim that the mortgaged property was her residence at the relevant time (see Kokolis v Wallace, 202 AD3d 948, 950; Rabinowitz v Rabinowitz, 137 AD3d 884, 885; Scarano v Scarano, 63 AD3d 716, 716). Moreover, contrary to the defendant's contention, under the circumstances, the process server's attempts to serve the defendant at her residence at different times on four different days, including two Saturdays, satisfied the due diligence requirement for service pursuant to CPLR 308(4) (see Wilmington Trust Co. v Gewirtz, 193 AD3d 1110, 1112; Wells Fargo Bank, N.A. v Cherot, 102 AD3d 768, 768).
Further, contrary to the defendant's contention, she was not entitled to dismissal of the complaint insofar as asserted against her pursuant to CPLR 3215(c). That statute provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (id.). "Where proceedings are taken within the statutory one-year period, any delays occasioned in the prosecution of the action beyond that year are irrelevant to CPLR 3215(c)" (Citibank, N.A. v Kerszko, 203 AD3d 42, 49). Here, Fremont timely moved for an order of reference and a judgment of foreclosure within one year of the defendant's default, and thus, any subsequent delays that ensued in the prosecution of the action are "irrelevant to CPLR 3215(c)" (id. at 49).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., MALTESE, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court